FILED JS
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
04 NOV 19 PM 4:07

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| LINDA ALLEN; RACHEL HALL; and CARA JACKSON<br><br>Plaintiffs<br><br>v.<br><br>ALLIED SYSTEMS, LTD.; and ALLIED AUTOMOTIVE GROUP, INC.<br><br>Defendants. | CIVIL ACTION NO. 3:04CV665-S |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. This is an action for back pay, damages and other relief under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, the Kentucky Civil Rights Act, KRS § 344.040(1), and the Equal Pay Act, 29 U.S.C. § 206, *et seq.* Plaintiffs, Linda Allen, Rachel Hall, and Cara Jackson (collectively the "Plaintiffs"), allege that their employer, Defendants, Allied Systems, Ltd. and Allied Automotive Group, Inc. (collectively "Allied"), discriminated against them, because of their sex, in the terms and conditions of their employment. Specifically, Allied refused to promote the Plaintiffs for positions for which they were qualified because of their sex. In addition, Allied paid male employees in substantially equal positions to Plaintiffs a higher wage in violation of the Equal Pay Act.

## II. JURISDICTION AND VENUE

2. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, which provides for original district court jurisdiction over cases presenting federal questions, by 42 U.S.C. § 2000e-5, which provides for original district court jurisdiction over Title VII cases, and by 29 U.S.C. § 216(b), which provides for original district court jurisdiction over Equal Pay Act cases. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367, because the state and federal law claims form one case or controversy for Article III purposes.

3. Venue is proper in the Western District of Kentucky, pursuant to 28 U.S.C. §§ 1391 and 1392.

## III. PARTIES

4. Plaintiff, Linda Allen ("Allen"), is an adult female who resides in Jefferson County, Kentucky and, at all times relevant, was employed and continues to be employed by the Defendants in Louisville, Kentucky.

5. Plaintiff, Rachel Hall ("Hall"), is an adult female who resides in Jefferson County, Kentucky and, at all times relevant, was employed and continues to be employed by the Defendants in Louisville, Kentucky.

6. Plaintiff, Cara Jackson ("Jackson"), is an adult female who resides in Bullitt County, Kentucky and, at all times relevant, was employed and continues to be employed by the Defendants in Louisville, Kentucky.

7. Defendant, Allied Systems, Ltd., is a foreign limited partnership doing business at 6709 Grade Lane, Jefferson County, Louisville, Kentucky, 40213 ("Jefferson County location"). Allied Systems, Ltd. is a covered entity for Title VII purposes.

8. Defendant, Allied Automotive Group, Inc., is a foreign corporation doing business at 6709 Grade Lane, Jefferson County, Louisville, Kentucky, 40213 ("Jefferson County location"). Allied Automotive Group, Inc. is the general partner of Allied Systems, Ltd. Allied Automotive Group, Inc. is a covered entity for Title VII purposes.

## IV. FACTUAL ALLEGATIONS

9. Allen has worked at Allied's Jefferson County location since March 1985 and continues to work for Allied.

10. Allen began her employment at Allied as a Clerk and later received a promotion to Operations Supervisor. Allen received evaluations from Allied demonstrating that her work performance was highly satisfactory. Allen gave Allied no cause to be displeased with her work performance.

11. Hall has worked at Allied's Jefferson County location since December 2001 and continues to work for Allied.

12. Hall began her employment at Allied as an Operations Supervisor. Subsequent to her filing a charge of sex discrimination and violation of the Equal Pay Act with the EEOC, Hall received an additional job title and corresponding duties of Quality Safety Supervisor. Hall received evaluations from Allied demonstrating that Hall's work performance was highly satisfactory. Hall gave Allied no cause to be displeased with her work performance.

13. Jackson has worked at Allied's Jefferson County location since August 2002 and continues to work for Allied.

14. Jackson began her employment at Allied as an Operations Supervisor. Jackson received evaluations from Allied demonstrating that her work performance was highly satisfactory. Jackson gave Allied no cause to be displeased with her work performance.

3

15. Allied repeatedly refused to promote the Plaintiffs although they were qualified. Instead, Allied repeatedly promoted and/or hired male employees rather than promote women.

16. Allied hired one or more male employee(s) to perform substantially similar duties to Plaintiffs, but paid the male employee(s) a higher rate of pay.

17. In April 2004, Plaintiffs filed individual charges of sex discrimination in employment, in violation of Title VII, and in violation of the Equal Pay Act with the EEOC.

18. The EEOC issued right to sue letters, which Plaintiffs received within 90 days before filing this suit. Thus, Plaintiffs have exhausted all of their administrative remedies and timely filed this lawsuit.

19. At various times throughout her employment, Hall requested salary raises to no avail until after Hall filed a charge with the EEOC. Subsequent to her filing the EEOC charge, Allied promoted her to Quality Safety Supervisor. She continued for a period of time, however, to perform her prior duties in addition to the new duties of Quality Safety Supervisor.

20. Plaintiffs have suffered economic losses, emotional distress, embarrassment and humiliation as a result of Allied's conduct.

## V. CLAIMS FOR RELIEF

### A. First Cause of Action

21. The actions and conduct described above constitute the denial, on the basis of sex, of Plaintiffs' right to equal terms and conditions of employment.

22. Allied thus has deprived Plaintiffs of rights secured by Title VII, 42 U.S.C. § 2000e, *et seq*.

### B. Second Cause of Action

23. The actions and conduct described above constitute the denial, on the basis of sex, of Plaintiffs' right to equal terms and conditions of employment.

24. Allied thus has deprived Plaintiffs of rights secured by the Kentucky Civil Rights Act, KRS § 344.040(1).

### C. Third Cause of Action

25. The actions and conduct described above constitute a violation of the Equal Pay Act as Allied paid male employees who perform substantially similar work to Plaintiffs a higher rate of pay.

26. Allied thus has deprived Plaintiffs of rights secured by the Equal Pay Act, 29 U.S.C. § 206(d).

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request:

1. Trial by jury of all issues so triable;

2. An award of compensatory damages in an amount that will compensate them for injuries suffered;

3. An award of back pay and an equal amount of front pay;

4. An award of liquidated damages for violation of the Equal Pay Act;

5. An award of pre- and post-judgment interest at twelve (12) percent;

6.     Recovery of their costs, including a reasonable attorney's fee; and

7.     All other relief to which they may be entitled.

            Respectfully submitted,

            _____
            Jennifer A. Moore
            FERNANDEZ FRIEDMAN GROSSMAN KOHN & SON PLLC
            2400 National City Tower
            101 South Fifth Street
            Louisville, KY 40202
            (502) 589-1001

            Counsel for Plaintiffs